|  |  |
|---|---|
| STATE OF MINNESOTA | PERSONAL INJURY |
|  | DISTRICT COURT |
| COUNTY OF RAMSEY | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Peggy M. Ranallo by and through her Power of Attorney, Jane L. Jorgenson,<br><br>Plaintiff,<br><br>v.<br><br>GGNSC St. Paul Lake Ridge LLC d/b/a Golden LivingCenter Lake Ridge; Golden Gate National Senior Care LLC d/b/a Golden Living; GGNSC Administrative Services LLC d/b/a Golden Ventures; GGNSC Holdings LLC d/b/a Golden Horizons; Golden Gate Ancillary LLC d/b/a Golden Innovations; GGNSC Equity Holdings LLC; and GGNSC Clinical Services LLC d/b/a Golden Clinical Services,<br><br>Defendants. | Court File No.:<br>Judge:<br><br><br><br>SUMMONS |

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANTS: GGNSC St. Paul Lake Ridge LLC d/b/a Golden LivingCenter Lake Ridge; Golden Gate National Senior Care LLC d/b/a Golden Living; GGNSC Administrative Services LLC d/b/a Golden Ventures; GGNSC Holdings LLC d/b/a Golden Horizons; Golden Gate Ancillary LLC d/b/a Golden Innovations; GGNSC Equity Holdings LLC; and GGNSC Clinical Services LLC d/b/a Golden Clinical Services:

1. **YOU ARE BEING SUED.** The Plaintiff started a lawsuit against you. The Plaintiff's Complaint against you is attached to the Summons. Do not throw away these papers. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the court and there may be no court file number on the summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a written response called an Answer within 20

**EXHIBIT 1**

days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed the Summons located at:

> Kosieradzki Smith Law Firm, LLC
> 3675 Plymouth Boulevard, Suite 105
> Plymouth, MN 55446

**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

|  |  |
|---|---|
| Dated: December 5, 2011 | KOSIERADZKI SMITH LAW FIRM, LLC<br><br>*[signature]*<br>_____<br>Mark R. Kosieradzki (ID # 57745)<br>Joel E. Smith (ID # 213184)<br>Kara K. Rahimi (ID #389480)<br>3675 Plymouth Boulevard, Suite 105<br>Plymouth, MN 55446<br>(763) 746-7800<br>Attorneys for Plaintiff |

| | |
|---|---|
| STATE OF MINNESOTA | PERSONAL INJURY |
| COUNTY OF RAMSEY | DISTRICT COURT |
| | SECOND JUDICIAL DISTRICT |

| | |
|---|---|
| Peggy M. Ranallo by and through her Power of Attorney, Jane L. Jorgenson,<br><br>Plaintiff,<br><br>v.<br><br>GGNSC St. Paul Lake Ridge LLC d/b/a Golden LivingCenter Lake Ridge; Golden Gate National Senior Care LLC d/b/a Golden Living; GGNSC Administrative Services LLC d/b/a Golden Ventures; GGNSC Holdings LLC d/b/a Golden Horizons; Golden Gate Ancillary LLC d/b/a Golden Innovations; GGNSC Equity Holdings LLC; and GGNSC Clinical Services LLC d/b/a Golden Clinical Services,<br><br>Defendants. | Court File No.:<br>Judge:<br><br><br><br>COMPLAINT |

Plaintiff, for her Complaint against Defendants, states and alleges as follows:

### THE PLAINTIFF

1.  **PEGGY M. RANALLO** is a female vulnerable adult, pursuant to Minn.Stat. § 626.5572, subd. 21.

2.  From September 9, 2009 until May 2, 2010, Peggy M. Ranallo was a resident of Golden LivingCenter-Lake Ridge, located at 2727 North Victoria Street North in Roseville, Minnesota (Ramsey County).

3.  **JANE L. JORGENSON** is the legally appointed attorney-in-fact for Peggy M. Ranallo, pursuant to a Statutory Short Form Power of Attorney dated November 9, 2001 and Health Care

Director pursuant to the Durable Health Care Power of Attorney, dated November 9, 2001.

## THE DEFENDANTS

### GGNSC ST. PAUL LAKE RIDGE LLC

4. GGNSC ST. PAUL LAKE RIDGE LLC is a Delaware limited liability company with its principal place of business in San Francisco, California.

5. GGNSC ST. PAUL LAKE RIDGE LLC does business as and under the trade name "GOLDEN LIVINGCENTER-LAKE RIDGE".

6. At all times relevant, GGNSC ST. PAUL LAKE RIDGE LLC obtained a license from the State of Minnesota to operate a skilled nursing facility known as GOLDEN LIVINGCENTER-LAKE RIDGE, located at 2727 North Victoria Street North in Roseville, Minnesota.

### GGNSC EQUITY HOLDINGS LLC

7. GGNSC EQUITY HOLDINGS LLC is a Delaware limited liability company with its principal place of business in San Francisco, California.

8. GGNSC Equity Holdings LLC is the sole owner of GGNSC ST. PAUL LAKE RIDGE LLC.

### GOLDEN GATE NATIONAL SENIOR CARE LLC

9. GOLDEN GATE NATIONAL SENIOR CARE LLC is a Delaware limited liability company with its principal place of business in Fort Smith, Arkansas.

10. GOLDEN GATE NATIONAL SENIOR CARE LLC does business as and under the trade name "GOLDEN LIVING".

11. GOLDEN GATE NATIONAL SENIOR CARE LLC is the sole owner of GGNSC EQUITY HOLDINGS LLC.

12. GOLDEN GATE NATIONAL SENIOR CARE LLC is the sole owner of GGNSC CLINICAL

SERVICES LLC.

## GGNSC CLINICAL SERVICES LLC

13. GGNSC CLINICAL SERVICES LLC is a Delaware limited liability company with its principal place of business in Fort Smith, Arkansas.

14. GGNSC CLINICAL SERVICES LLC does business as and under the trade name "GOLDEN CLINICAL SERVICES".

## GGNSC ADMINISTRATIVE SERVICES LLC

15. GGNSC ADMINISTRATIVE SERVICES LLC is a Delaware limited liability company with its principal place of business in Fort Smith, Arkansas.

16. GGNSC ADMINISTRATIVE SERVICES LLC does business as and under the trade name "GOLDEN VENTURES".

## GOLDEN GATE ANCILLARY LLC

17. GOLDEN GATE ANCILLARY LLC is a Delaware limited liability company with its principal place of business in Fort Smith, Arkansas.

18. GOLDEN GATE ANCILLARY LLC does business as and under the trade name "GOLDEN INNOVATIONS".

## GGNSC HOLDINGS LLC

19. GGNSC HOLDINGS LLC is a Delaware limited liability company with its principal place of business in Fort Smith, Arkansas.

20. GGNSC HOLDINGS LLC does business as and under the trade name "GOLDEN HORIZONS".

21. GGNSC HOLDINGS LLC is the sole owner of GGNSC ADMINISTRATIVE SERVICES LLC.

22. GGNSC HOLDINGS LLC is the sole owner of GOLDEN GATE ANCILLARY LLC.

23. GGNSC HOLDINGS LLC is the sole owner of GOLDEN GATE NATIONAL SENIOR CARE LLC.

24. GGNSC HOLDINGS LLC's sole member is Drumm Investors LLC.

## DEFENDANTS' JOINT ENTERPRISE

25. GGNSC ST. PAUL LAKE RIDGE LLC d/b/a GOLDEN LIVINGCENTER LAKE RIDGE and its affiliated organizations, GOLDEN GATE NATIONAL SENIOR CARE LLC d/b/a GOLDEN LIVING; GGNSC ADMINISTRATIVE SERVICES LLC d/b/a GOLDEN VENTURES; GGNSC HOLDINGS LLC d/b/a GOLDEN HORIZONS; GOLDEN GATE ANCILLARY LLC d/b/a GOLDEN INNOVATIONS; GGNSC EQUITY HOLDINGS LLC; and GGNSC CLINICAL SERVICES LLC d/b/a GOLDEN CLINICAL SERVICES (herein collectively referred to as the "GOLDEN LIVING DEFENDANTS") were engaged in a joint enterprise, in that:

   a. The GOLDEN LIVING DEFENDANTS had a mutual understanding for the common purpose of operating GOLDEN LIVINGCENTER LAKE RIDGE; and

   b. The GOLDEN LIVING DEFENDANTS each had a right to a voice in the direction and control of the means to carry out this common purpose.

26. There has been a close relationship between the GOLDEN LIVING DEFENDANTS at all times relevant.

27. As a consequence of the joint enterprise, the GOLDEN LIVING DEFENDANTS owed a joint duty to Peggy M. Ranallo to use reasonable care for her safety while upon their premises and under their care and supervision at GOLDEN LIVINGCENTER LAKE RIDGE.

28. As a consequence of the joint enterprise, each Defendant's wrongful acts are imputed to and constitute the acts of the other Defendants and the fault of the Defendants shall be aggregated.

4

## *DE FACTO* PARTNERSHIP

29. At all times relevant, the GOLDEN LIVING DEFENDANTS associated to carry on as co-owners and co-operators of the GOLDEN LIVINGCENTER LAKE RIDGE facility as a business for profit and thereby formed a partnership pursuant to Minnesota law, including but not limited to Minn. Stat. § 323A.0202.

30. There has been a close relationship between the GOLDEN LIVING DEFENDANTS at all times relevant.

31. The GOLDEN LIVING DEFENDANTS each received a share of the profits of GOLDEN LIVINGCENTER LAKE RIDGE at all times relevant.

32. In the partnership, the GOLDEN LIVING DEFENDANTS each served as an agent of the other in the operation of GOLDEN LIVINGCENTER LAKE RIDGE.

33. The acts and omissions of the GOLDEN LIVING DEFENDANTS carried on in the ordinary course in the operation of GOLDEN LIVINGCENTER LAKE RIDGE bind the partnership, pursuant to Minnesota law, including but not limited to Minn.Stat. §§ 323A.0301(1) and 323A.0305.

34. In the partnership, the GOLDEN LIVING DEFENDANTS are liable jointly and severally for all obligations of the partnership pursuant to Minnesota law, including but not limited to Minn.Stat. § 323A.0306.

## THE INJURY

35. On September 9, 2009, Peggy M. Ranallo was admitted to GOLDEN LIVINGCENTER LAKE RIDGE.

36. Except for times when she was hospitalized, Peggy M. Ranallo remained a resident of GOLDEN LIVINGCENTER LAKE RIDGE until May 2, 2010.

37. While a resident at GOLDEN LIVINGCENTER LAKE RIDGE, Peggy M. Ranallo's

condition declined:

   a. Upon admission to GOLDEN LIVINGCENTER LAKE RIDGE in September 2009, Peggy M. Ranallo was usually continent of bowel and bladder, independent with bed mobility, and able to walk independently with a walker.

   b. By December 10, 2009, Peggy M. Ranallo was incontinent of bladder, frequently incontinent of bowel, required extensive assistance of one person for bed mobility and transfers, and could no longer walk.

   c. By February 28, 2010, Peggy M. Ranallo was incontinent of both bladder and bladder and required extensive assistance of two persons for bed mobility.

   d. While she was a resident of GOLDEN LIVINGCENTER LAKE RIDGE, between September 11, 2009 and April 17, 2010, Peggy M. Ranallo experienced significant weight loss. Her weight decreased from 166.7 pounds to 141.2 pounds – a loss of more than 25 pounds or about 15% of her total body weight.

38.   While a resident of GOLDEN LIVINGCENTER LAKE RIDGE, Peggy M. Ranallo acquired numerous pressure sores.

39.   While a resident of GOLDEN LIVINGCENTER LAKE RIDGE, at least one of Peggy M. Ranallo's pressure sore wounds deteriorated in condition, grew in size, and became infected.

40.   On May 2, 2010, Peggy M. Ranallo was transferred to the hospital at her daughter's request.

41.   Peggy M. Ranallo acquired systemic bacterial infection originating in the necrotic, Stage 3 or Stage 4, right buttocks wound, which measured 7 x 5 x 3-cm with 3-cm of undermining. Peggy M. Ranallo was also found to have bilateral heel ulcers.

42.   Peggy M. Ranallo was discharged on May 12, 2010 to Walker Methodist Health Center with hospice care.

43.   Following admission to Walker Methodist Health Center, Peggy M. Ranallo's pressure sore wound improved and healed by October 8, 2010.

44.   Peggy M. Ranallo has not experienced any additional pressure sore wounds since October 8, 2010.

## COUNT I
### ORDINARY NEGLIGENCE

45.  Plaintiff repeats, realleges and re-avers each and every allegation contained in Paragraphs 1 through 44 above as if fully set forth herein verbatim.

46.  The GOLDEN LIVING DEFENDANTS owed Peggy M. Ranallo a duty to use reasonable care to protect her from unreasonable risk of harm.

47.  The GOLDEN LIVING DEFENDANTS' staff at GOLDEN LIVINGCENTER LAKE RIDGE owed a duty to use reasonable care in performing functions that did not require professional training, skills, or judgment.

48.  The GOLDEN LIVING DEFENDANTS owed Peggy M. Ranallo a duty to provide care in accordance with physicians' orders.

49.  Peggy M. Ranallo's physician gave treatment orders for her care.

50.  GOLDEN LIVINGCENTER LAKE RIDGE staff failed to consistently follow the physician's treatment orders.

51.  The GOLDEN LIVING DEFENDANTS' duty to follow physicians' orders is routine and nonmedical in nature.

52.  The duty owed by the GOLDEN LIVING DEFENDANTS and their employees / agents to use reasonable care for Peggy M. Ranallo's safety is within the general knowledge and experience of lay persons, does not require specialized skills not ordinarily possessed by lay persons, and does not require expert testimony to establish the standard of care.

53.  The GOLDEN LIVING DEFENDANTS and their employees / agents breached their duty to use reasonable care in the performance of nonmedical, administrative, ministerial or routine care, for Peggy M. Ranallo's safety.

54. The failure of the GOLDEN LIVING DEFENDANTS and their employees / agents to use reasonable care for Peggy M. Ranallo's safety is not a question involving complex scientific or technological issues, is within the general knowledge and experience of lay persons, and does not require expert testimony to establish the breach of that ordinary standard of care.

55. The GOLDEN LIVING DEFENDANTS' failure to comply with physician's treatment orders falls into the category of ordinary negligence.

56. VICARIOUS LIABILITY: The GOLDEN LIVING DEFENDANTS are vicariously liable for the negligence of their employees / agents which has caused harm and injury to Peggy M. Ranallo in mind and body.

57. As a direct and proximate result of negligence of the GOLDEN LIVING DEFENDANTS and their employees / agents, Peggy M. Ranallo has experienced harm and injury to mind and body, causing her to experience pain, suffering, and distress, as well as associated health care costs, to her damage in a sum exceeding fifty thousand dollars ($50,000.00).

## COUNT II
### PROFESSIONAL NEGLIGENCE

58. Plaintiff repeats, realleges and re-avers each and every allegation contained in Paragraphs 1 through 44 above as if fully set forth herein verbatim.

59. The GOLDEN LIVING DEFENDANTS and their employees / agents owed a duty of care to Peggy M. Ranallo, which included, but was not limited to:

   a. LEGAL COMPLIANCE – Complying with applicable federal regulations, state statutes and rules, and professional standards of care.

   b. WELL-BEING AND QUALITY OF LIFE – Providing goods and services for Peggy M. Ranallo necessary to avoid physical harm, mental anguish or mental illness; caring for Peggy M. Ranallo in a manner and in an environment that promoted maintenance or enhancement of her quality of life; and providing the necessary care and services for Peggy M. Ranallo to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the

8

   comprehensive assessment and plan of care.

c. ASSESSMENT – Conducting a comprehensive, accurate, standardized reproducible assessment of Peggy M. Ranallo's functional capacity.

d. CARE PLANNING – Developing and implementing a comprehensive, individualized care plan for Peggy M. Ranallo that included measurable objectives and timetables to meet her medical, nursing, mental, and psychosocial needs.

e. PRESSURE ULCERS – Preventing the development of avoidable pressure ulcers.

f. PRESSURE ULCERS – Ensuring that Peggy M. Ranallo received the treatment and services necessary to promote healing of pressure ulcers, to prevent infection, and to prevent new sores from developing.

g. NURSING INTERVENTIONS – Developing and implementing new nursing interventions when Defendants' Care Plan for Peggy M. Ranallo no longer met her needs.

h. NUTRITION – Ensuring that Peggy M. Ranallo maintained acceptable parameters of nutritional status, including body weight and protein levels.

i. SUFFICIENT STAFF – Having sufficient nursing staff to provide nursing and related services to allow Peggy M. Ranallo to attain or maintain the highest practicable physical, mental, and psychosocial well-being in accordance with her resident assessments and individual plans of care.

j. COMPETENT STAFF – Ensuring that direct care staff were competent in the skills and techniques necessary to care for Peggy M. Ranallo's needs, and were able to perform their assigned duties.

k. CLINICAL RECORDS – Maintaining clinical records for Peggy M. Ranallo in accordance with accepted professional standards and accepted standards of professional nursing practice.

60. The GOLDEN LIVING DEFENDANTS and their employees / agents were negligent in the care and treatment of Peggy M. Ranallo. Defendants breached the duties they owed to Peggy M. Ranallo, *inter alia*, by their failure to meet her nutrition needs, their failure to properly assess Peggy M. Ranallo and create a comprehensive care plan, and their failure to provide quality of care to Peggy M. Ranallo. Defendants' care and treatment breached the applicable standards of care that Defendants owed to Peggy M. Ranallo.

61. <u>NEGLIGENCE PER SE</u>: The GOLDEN LIVING DEFENDANTS and their employees / agents breached federal and Minnesota nursing home regulations intended to protect nursing home residents, including Peggy M. Ranallo, from the type of harm caused by the negligent acts and omissions of Defendants' employees / agents. These nursing home regulations include, but are not limited to, the following: 42 C.F.R. § 483.10(b)(11); 42 C.F.R. § 483.20; 42 C.F.R. § 483.25; 42 C.F.R. §483.75(1); Minn. Admin. Rule 4658.0015; Minn. Admin. Rule 4658.0085; Minn. Admin. Rule 4658.0400; Minn. Admin. Rule 4658.0445; Minn. Admin. Rule 4658.0450; Minn. Admin. Rule 4658.0520; Minn. Admin. Rule 4658.0525; Minn. Admin. Rule 4658.0600.

62. The injury and harm to Peggy M. Ranallo could and should have been prevented had the care at GOLDEN LIVINGCENTER LAKE RIDGE met minimum acceptable standards.

63. <u>VICARIOUS LIABILITY</u>: Defendants are vicariously liable for the negligence of their employees / agents which has caused harm and injury to Peggy M. Ranallo in mind and body.

64. As a direct and proximate result of negligence of the GOLDEN LIVING DEFENDANTS and their employees / agents and their employees / agents, Peggy M. Ranallo has experienced harm and injury to mind and body, causing her to experience pain, suffering, and distress as well as associated health care costs, to her damage in a sum exceeding fifty thousand dollars ($50,000.00).

## COUNT III
### DIRECT CORPORATE LIABILITY

65. Plaintiff repeats, realleges and re-avers each and every allegation contained in Paragraphs 1 through 64 above as if fully set forth herein verbatim.

66. The GOLDEN LIVING DEFENDANTS each controlled, had the right to control, directed and/or authorized the day-to-day operation of the GOLDEN LIVINGCENTER LAKE RIDGE, including the manner in which GOLDEN LIVINGCENTER LAKE RIDGE treated and cared for Peggy M. Ranallo.

67.     The GOLDEN LIVING DEFENDANTS each negligently controlled and participated in the day-to-day administrative and standard making functions, operations, planning, management, and quality control of GOLDEN LIVINGCENTER LAKE RIDGE.

68.     The GOLDEN LIVING DEFENDANTS negligently and deliberately failed to have sufficient nursing staff at the GOLDEN LIVINGCENTER LAKE RIDGE to provide nursing and related services to allow Peggy M. Ranallo to attain or maintain the highest practicable physical, mental, and psychosocial well-being in accordance with her resident assessments and individual plans of care.

69.     The GOLDEN LIVING DEFENDANTS negligently and deliberately failed to supervise resident care, failed to enforce resident care guidelines, and failed to ensure that direct care staff at the GOLDEN LIVINGCENTER LAKE RIDGE were competent in the skills and techniques necessary to care for Peggy M. Ranallo's needs and able to perform their assigned duties.

70.     The GOLDEN LIVING DEFENDANTS' corporate negligence resulted in the dangerous delivery of health care to the residents of GOLDEN LIVINGCENTER LAKE RIDGE, including Peggy M. Ranallo.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, vicariously, jointly and severally, for a reasonable sum in excess of Fifty Thousand and No/100 Dollars ($50,000.00), together with interest, costs and disbursements herein, as well as such other legal or equitable relief, including attorneys' fees, and such other legal or equitable relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL FOR ALL OF THE ISSUES AND CAUSES PLEADED HEREIN SO TRIABLE.**

KOSIERADZKI SMITH LAW FIRM, LLC

Dated: December 5, 2011

_____
Mark R. Kosieradzki (ID # 57745)
Joel E. Smith (ID # 213184)
Kara K. Rahimi (ID #389480)
3675 Plymouth Boulevard, Suite 105
Plymouth, MN 55446
(763) 746-7800
Attorneys for Plaintiff

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that the provisions of Minn. Stat. § 549.211 apply to this case.

KOSIERADZKI SMITH LAW FIRM, LLC

Dated: December 5, 2011

_____
Mark R. Kosieradzki (ID # 57745)
Joel E. Smith (ID # 213184)
Kara K. Rahimi (ID #389480)
3675 Plymouth Boulevard, Suite 105
Plymouth, MN 55446
(763) 746-7800
Attorneys for Plaintiff